NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DONOVAN DIXON, | : | |
| | : | CIV. NO. 20-5994 (RMB-JS) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE UNITED STATES OF AMERICA *et al.*, | : | |
| | : | |
| Defendants | : | |

BUMB, DISTRICT JUDGE

Plaintiff Donovan Dixon, an inmate confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") filed this civil rights action on May 18, 2020. (Compl., ECF No. 1.) Plaintiff may be unaware that the filing fee for a civil rights complaint is $400, which includes a $50 administrative fee. In lieu of the filing fee, Plaintiff may submit an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1). For the reasons discussed below, upon conclusive screening, the

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

Court would dismiss defendants the United States of America, Michael Carvajal and William Barr from the complaint.

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If

4

a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

 A. The Complaint

Plaintiff names as defendants the United States of America; Michael Carvajal, identified as Acting Federal Bureau of Prisons Commissioner; William Barr ("AG Barr"), identified as Acting Attorney General; and David Ortiz, identified as Acting Warden of FCI Fort Dix. (Compl., Dkt. No. 1.) Plaintiff alleges AG Barr, in response to the COVID-19 crisis, ordered a complete lockdown of the federal prisons. Inmates are allowed outside one hour per day.

At Fort Dix inmates share a room with twelve men, with more than 300 inmates to a building, which means they cannot practice social distancing. Plaintiff alleges Warden David Ortiz knew this when he locked down FCI Fort Dix; therefore, he knew he was putting inmate and staff lives in danger. Further, Plaintiff alleges that Warden Ortiz ordered correctional officers "that [had] just come off the streets" wearing no personal protective equipment ("PPE"), to search inmates' rooms. (Id. at 1.) Plaintiff suffers hypertension, cardiac and cardiovascular disease and obesity, putting him at risk if he contracts COVID-19. For relief, he seeks

5

immediate release from FCI Fort Dix and money damages. The Court construes Plaintiff's complaint as a Bivens action. See Ashcroft v. Iqbal, 556 U.S. 662, 675-76, (2009) ("In the limited settings where Bivens does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" (quoting Hartman v. Moore, 547 U.S., 250, 254, n. 2 (2006)).

    B.   Eighth Amendment Conditions of Confinement Claim

The Eighth Amendment "prohibits any punishment which violates civilized standards and concepts of humanity and decency." Thomas v. Tice, 948 F.3d 133, 139 (3d Cir. 2020) (quoting Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992), superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000) (citations omitted). There are two elements to an Eighth Amendment conditions of confinement claim: "(1) the deprivation alleged must be, objectively, 'sufficiently serious,' and (2) the 'prison official must have a sufficiently culpable state of mind.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).

A deprivation is sufficiently serious if an inmate "is deprived of 'the minimal civilized measure of life's necessities.'" Id. at 138 (quoting Wilson v. Seiter, 501 U.S. 294, 299 (1991)). "The second element is satisfied when an inmate shows

6

that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights." Thomas, 948 F.3d at 138 (citing Wilson, 501 U.S. at 302-03). Deliberate indifference, in this context, is judged under a subjective standard, "requiring a showing that prison officials actually knew of and disregarded constitutional violations." Id. (quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). "[A] defendant's knowledge of a risk to health and safety 'can be proved indirectly by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk.'" Id.

There may be an implied remedy of damages for Eighth Amendment conditions of confinement claims by federal prisoners, commonly known as a Bivens claim. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1855 (2017). A Bivens claim is the federal analog to a claim brought against state actors under 42 U.S.C. § 1983. Id. at 1854. The first element of an Eighth Amendment conditions of confinement claim is met here because COVID-19 is a very contagious virus that can cause serious health complications or death in vulnerable people.

Plaintiff has alleged Attorney General William Barr and Acting BOP Commissioner Michael Carvajal ordered the federal prisons locked down to prevent the spread of the virus. Lockdown

is one measure to prevent the virus from getting into and spreading within the prisons. This allegation alone is insufficient to show these distant supervisory officials were deliberately indifferent to a substantial risk to inmate health. Upon conclusive screening, the claims against them would be dismissed without prejudice. The United States is immune from a Bivens suit, the claim against the United States would be dismissed with prejudice.

If Plaintiff chooses to proceed with this action against Warden Ortiz, Plaintiff should submit an amended complaint alleging any damages he suffered based on his allegations of room searches by staff and any additional facts that might establish deliberate indifference in support of an Eighth Amendment violation.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate Order follows.

DATE: June 12, 2020

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**